NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MITCHELL T. TAEBEL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-1475

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00025-VJW, Judge Victor J. Wolski.

_____

Decided: July 16, 2018

_____

MITCHELL T. TAEBEL, Long Beach, IN, pro se.

DANIEL B. VOLK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, CHAD A. READLER.

_____

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges.*

PER CURIAM.

Mitchell Taebel appeals the U.S. Court of Federal Claims' ("Claims Court") dismissal of his complaint for lack of subject matter jurisdiction. Because the Claims Court did not err in dismissing the complaint, we *affirm*.

## BACKGROUND

On December 27, 2017, Mr. Taebel filed a one-paragraph complaint in the Claims Court alleging that the U.S. Department of Justice is unconstitutional and objecting to the enforcement of federal criminal laws not listed in the U.S. Constitution. The Claims Court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction. It concluded that it lacked jurisdiction over Mr. Taebel's complaint because he failed to allege that the United States owed him money damages and his claims were not based on a constitutional provision that would entitle him to compensation from the United States.

Mr. Taebel timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Mr. Taebel bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* We accept as true all undisputed facts asserted in his complaint and draw all reasonable inferences in his favor. *Id.* As Mr. Taebel is a pro se appellant, we liberally construe his filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The jurisdiction of the Claims Court is set forth in the Tucker Act, 28 U.S.C. § 1491(a), but the Tucker Act does not itself create a right enforceable against the United States. *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 991 (Fed. Cir. 2017). To establish Claims Court jurisdiction

under the Tucker Act, a plaintiff must identify a substantive law that creates the right to money damages against the United States. *Id.*

The Claims Court properly dismissed Mr. Taebel's complaint for lack of jurisdiction. Mr. Taebel's complaint fails to allege that the United States owes him any money or identify any money-mandating provision that would confer jurisdiction. On appeal, Mr. Taebel argues the Department of Justice is unconstitutional and a national security threat. He seeks an injunction "to close down unconstitutional elements of this Government." He does not allege the United States owes him money or identify a money-mandating provision. The Claims Court did not err by dismissing his complaint because Mr. Taebel failed to allege facts and identify law that would establish jurisdiction.

We have considered Mr. Taebel's remaining arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, the decision of the Claims Court is *affirmed*.

## AFFIRMED

## COSTS

No costs.